IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**CERTAIN UNDERWRITERS AT LLOYDS,**
**CONSISTING OF SYNDICATES 15511, 510, 1611,**
**190, 1173, AND 250**                                                                **PLAINTIFF**


V.                             CASE NO. 4:08CV01843


**REGIONS INSURANCE, INC. D/B/A/**
**INSURISK EXCESS AND SURPLUS LINES**                                 **DEFENDANT**


**ORDER**

Pending before the Court is defendant's Motion to Compel Discovery.  Plaintiff objects to these discovery requests contending the requests are not relevant to this litigation, are not reasonably calculated to lead to the discovery of admissible evidence, and are overly broad and burdensome.

For the reasons stated below, the motion is granted in part and denied in part  (#44).

> Insurisk Excess & Surplus Lines is a subsidiary of Regions Insurance Company, Inc. ("Regions").  Plaintiff (Underwriters") and Regions entered into a Binding Authority Agreement, which authorized Insurisk to act as an agent and bind Underwriters to certain types of insurance coverage in certain regions.  The Binding Authority Agreement was effective from July 1, 2001, to July 1, 2002.  Under the Binding Authority Agreement, Insurisk was prohibited from issuing any insurance policy to any entity located in Alabama or to any motel having a pool on its premises.

> A July 17, 2000, survey listing Insurisk as the insurance company revealed that Basha Patel d/b/a Bamboo Motel ("Bamboo") was located in Alabama and had a pool on its premises.  Insurisk

1

quoted a general liability insurance policy for Bamboo on April 22, 2002 – the form stated in two separate sections that Bamboo was a "motel with out[sic] pool."

Based on Insurisk's authority under the Binding Authority Agreement, Insurisk issued commercial General Liability Insurance Policy Number 1273501L (the "policy") to Bamboo for the period of June 1, 2002, to June 1, 2003.  The Certificate of Coverage classified Bamboo as a "motel without pool."  The Underwriters were never informed that Bamboo was a motel *with* a pool.

On June 24, 2002, two minors – Christopher Woods and Malcolm Crook – drowned and a third minor was injured in Bamboo's pool.  In June, 2003, Christopher Woods's parents filed suit against Bamboo and Insurisk in the Circuit Court of Mobile County, Alabama.

On August 6, 2003, the Underwriters wrote Insurisk, informally tendering the defense in the Woods litigation to Insurisk.  On September 17, 2003, the Underwriters wrote Insurisk a second letter formally tendering the defense of the defendants in the woods litigation.  On November 7, 2003, the Underwriters demanded a defense and indemnification from Insurisk.  Insurisk's lawyer responded only by advising that he "was available to meet . . . at any time."

Jacqueline Crook, Malcolm Crook's mother, filed suit against Bamboo and Insurisk in the Circuit Court of Mobile County, Alabama, around March 11, 2004.  On August 26, 2004, the Underwriters wrote Insurisk demanding a defense and indemnification from Insurisk for both the Woods and the Crook cases.

On September 13, 2004, Insurisk "decline[d] to assume the defense and indemnification" in the Woods and in the Crook cases.  Under the terms of the Policy, the Underwriters provided a defense to the insured defendants in the Woods and the Crook cases.

On January 13, 2006, Insurisk filed a motion for summary judgment in the Woods and Crook cases.  Both motions for summary judgment were granted in May, 2006.

> On August 3, 1006, the Woods litigation settled, and the Underwriters paid $275,000 in settlement in August, 2006. On November 22, 2006, the Crook litigation settled, and Underwriters paid $15,000 in settlement in December, 2006.

*Certain Underwriters at Lloyds v. Regions Ins., Inc*., 613 F. Supp. 2d 1050 (E.D. Ark. 2009) (footnotes omitted). Plaintiff brought three claims against defendant - - breach of contract, negligence, and equitable indemnity. By previous Court Order, the breach of contract and the negligence claims were dismissed as untimely. *Id.* Plaintiff's remaining claim is one of indemnity by way of equitable restitution for all amounts it paid as a result of the "pool" litigation.

Defendant's Interrogatory No. 5 seeks (1) a list of all commercial general liability insurance policies that defendant issued for businesses in the State of Alabama; (2) a list of all policies issued by defendant that provided coverages for businesses in the category "Motel with Pool;" and (3) a list of all agents authorized by defendant who could bind defendant to coverage in the State of Alabama. Defendant's Request for Production No. 4 seeks production for inspection and copying all documents and other tangible items that related to Interrogatory No. 5.

Defendant contends that the discovery request are relevant to damages. It contends that under Arkansas law, an insurer has no right to indemnification from its agent where the insurance policy covers risks that the insurer would accept. *See Pennsylvania Millers Mut. Ins. Co. v. Walton,* 236 Ark. 336, 365 S.W.2d 859 (1963) (equitable reformation of the insurance contract upheld on appeal). Thus an issue to be determined, according to defendant, is whether plaintiff would have accepted the risks included in alleged erroneous policy, e.g., motel with pool in Alabama. This being at issue, defendant argues its discovery request would garner relevant

evidence.

Plaintiff contends that the issue to be decided by the fact finder is not whether it has ever accepted the risk of insuring a motel with a pool in Alabama, but whether defendant's scope of authority as plaintiff's agent was exceeded and the effect of that breach. Plaintiff argues that other insurance policies issued by plaintiff through other agents under different Binding Authority Agreements are not relavant to its agent's authority or the effect of its agents breach. Plaintiff distinguishes *Walton* by pointing out that the agent in that case had the authority to issue a policy which would have covered the risk, but failed to do so. In this case, plaintiff contends that defendant did not have the authority to issue a policy that covered motels with pools in Alabama.

The Court finds that defendant should be allowed access to evidence that relates to a defense. *See Granite State Insurance Co. v. E.H. Bacon*, 266 Ark. 842, 586 S.W.2d 254 (1979) (agent not liable to insurance company for mistake on insurance contract when agent had full power and expressed authority to issue such contract). Plaintiff may disagree that equitable reformation is a valid defense due to the Binding Authority Agreement, but that is not the issue before the Court. *See Pennsylvania Millers Mut. Ins Co. v. Walton*, 236 Ark. at 339, 365 S.W.2d at 861 ("If, on the other hand, the clerk should sell property of his employer of a kind which he was not employed to sell at all, he probably would be held responsible for the whole value") (citing *State Insurance Co. v. Richmond*, 71 Iowa 519, 32 N.W. 496 (1887). It should also be noted that plaintiff's breach of contract and negligence claims have been dismissed. The only remaining claim sounds in equity.

The Court will deny defendant's motion as overbroad and burdensome to the extent that Interrogatory No. 5(a) and (b) are narrowed in scope to seek only commercial general liability policies for hotels or motels in Alabama with a pool.  Interrogatory No. 5 (c) remains the same.  Interrogatory No. 5 and Request for Documents No. 4 are limited to the one year period corresponding to the term of the Binding Authority Agreement.  Defendant shall pay for all reasonable expenses incurred by plaintiff in providing this information.

IT IS SO ORDERED THIS   27    day of   October , 2010.

_____
James M. Moody
United States District Judge